**UNITED STATES DISTICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

ROBERT G. WATTLES,

    Plaintiff,                                 **CASE NO:** _____

vs.

MERIDETH ENTERPRISES, LLC, d/b/a
Christian Brothers Automotive, and
BRYCE MERIDETH, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Robert G. Wattles (hereafter "Wattles") by and through counsel, hereby brings this complaint against Merideth Enterprises, LLC, d/b/a Christian Brothers Automotive (hereafter "CBA") and Bryce Merideth (hereafter "Merideth") for violations of the Fair Labor Standards Act's ("FLSA") overtime pay requirements, and in support thereof states as follows:

## NATURE OF ACTION

1. This is an action for recovery of unpaid overtime compensation owed to Wattles pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended ("FLSA").

2. Wattles alleges Defendants unlawfully failed and refused to pay him overtime pay for which he is entitled pursuant to the FLSA while working overtime during his employment, notwithstanding that Wattles is not and has not been exempt from overtime pay.

3. Defendants' practices as alleged herein violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq*.

1

## JURISDICTION AND VENUE

4.  Jurisdiction in this Court is proper as Wattles's claim is brought pursuant to the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA.

5.  The acts and omissions that give rise to this action occurred in Lake County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.  At all times material hereto, Wattles has resided in Lake County, Florida.

7.  CBA is a Florida Limited Liability Company that maintains its principal office in Clermont, Florida and conducts business in Lake County, Florida.

8.  Merideth resides in Windermere, Florida.

9.  Defendants employed Wattles within Lake County, Florida.

## COVERAGE

10. At all times material hereto, CBA employed two or more employees, including Wattles, who regularly were and are engaged in commerce, or worked on goods or materials that had been moved in or produced for commerce.

11. CBA is an enterprise whose annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C. § 203(s)(1)(A)(ii).

12. CBA is subject to enterprise coverage under the Section 203(s)(1)(A) of the FLSA.

13. Merideth is an owner and officer of CBA, and is directly involved in the day to day operations of the enterprise, including supervising Wattles, setting his hours of pay, and

determining the amounts and methods of his compensation. By virtue of the foregoing, Merideth was and is Wattles' employer as that term is defined by the FLSA.

## GENERAL FACTUAL ALLEGATIONS

14. CBA is a franchisee of Christian Automotive Brothers Corporation and operates an automotive repair shop in Clermont, Florida.

15. CBA does not sell motor vehicles but, rather, is exclusively engaged in the service and repair of vehicles.

16. Wattles has been employed by Defendants since December 2015.

17. From his date of hire until June of 2019, Wattles was employed by Defendants as a service advisor.

18. As a service advisor, Wattles' primary duty was the sale of automotive maintenance and repair services.

19. As a services advisor, Wattles was compensated pursuant to a salary and a bonus based upon the performance of the enterprise.

20. As a service advisor, Wattles regularly worked in excess of forty (40) hours per week.

21. Defendants failed to maintain complete and accurate time records during the period in which Wattles was employed as a service advisor.

22. Instead, Defendants' records reflect that Wattles worked, and was compensated, based upon forty (40) hours per work week, regardless of the number of hours he actually worked.

23. Defendants did not pay Wattles one and one half times his regular rate of pay for hours worked in excess of forty (40) per work week during the time he was employed as a service advisor.

24. In fact, during the time Wattles was employed by Defendants as a service advisor, he never received any extra pay of any kind as a result of working in excess of forty (40) hours in any workweek.

25. In June 2019, Wattles' title was changed to assistant manager.

26. Wattles' job duties did not substantially change at the time his title was changed.

27. Wattles' compensation, however, changed from a salary plus bonus method, to an hourly wage at that time.

28. During the time that Wattles has received an hourly wage, Defendants have failed to maintain complete and accurate records of his hours worked.

29. Instead, since June 2019, Defendants' records arbitrarily reflect that Wattles worked, and was compensated, based upon, fifty (50) hours per work week, regardless of the number of hours he actually worked.

30. Since June 2019, Defendants have continued to fail to pay Wattles one and one-half times his regular rate of pay for all hours worked in excess of forty (40) per workweek.

31. During the time Wattles was paid on an hourly basis, he asked Merideth why the company was not keeping a record of all of his working hours. In response, Merideth stated that he wanted to "keep it simple" and offered a fifty cent per hour raise in lieu of keeping accurate time records and paying the required overtime compensation.

## COUNT I
## FLSA CLAIMS AGAINST DEFENDANTS
## (UNPAID OVERTIME COMPENSATION)

32. Wattles hereby incorporates by reference paragraphs 1 through 31 herein.

33. At all times relevant to this complaint, defined as the period commencing three (3) years prior to the filing of this action, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of 29 U.S.C. § 203(d).

34. At all times relevant to this complaint, Defendants employed Wattles within the definition of the 29 U.S.C. § 203(e)(1).

35. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

36. Throughout the relevant period, Wattles has been a non-exempt employee entitled to receive overtime pay under the FLSA.

37. Wattles is therefore entitled to one and one half-times his regular rate of pay for all hours worked in excess of forty (40) per workweek.

38. At all times relevant to this complaint, Defendants failed and refused to pay Wattles overtime premiums for the hours he has worked in excess of forty (40) per work week.

39. As a result of Defendants' failure to compensate Wattles as required by the FLSA, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1).

40. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), thereby extending the statute of limitations from two years to three years.

41. Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Wattles' compensation.

42. Wattles is entitled to damages in the amount of his unpaid overtime compensation during the relevant period, plus an equal amount as liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

43. Wattles requests recovery of his attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Wattles requests the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under 29 U.S.C. § 201 *et seq.*;

B. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C. An award of damages including liquidated damages to be paid by Defendants;

D. Attorneys' fees and costs; and

E. Any other relief that this Court deems just.

Date:  January 3, 2020

                                Respectfully submitted,

                                s/ David H. Spalter, Esq.
                                David H. Spalter, Esquire
                                Florida Bar No. 966347
                                JILL S. SCHWARTZ & ASSOCIATES, P.A.
                                655 W. Morse Blvd., Suite 212
                                Winter Park, Florida 32789
                                Telephone: (407) 647-8911
                                Facsimile: (407) 628-4994
                                E-mail: dspalter@schwartzlawfirm.net
                                Secondary E-mail: jtacktill@schwartzlawfirm.net
                                Secondary E-mail: docketing@schwartzlawfirm.net
                                Attorney for Plaintiff