UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT G. WATTLES,

    Plaintiff,                                     CASE NO.:  5:20-cv-00006-Oc-30PRL

v.

MERIDETH ENTERPRISES, LLC d/b/a
Christian Brothers Automotive, and
BRYCE MERIDETH, individually,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Merideth Enterprises, LLC d/b/a Christian Brothers Automotive (hereinafter referred to as "Merideth Enterprises") and Bryce Merideth, individually, (hereinafter referred to as "Merideth") (hereinafter collectively referred to as "Defendants") by and through their undersigned attorney, hereby file this Answer and Affirmative Defenses to the Plaintiff's ("Plaintiff") Complaint.

Defendants deny each and every allegation of the Plaintiff's Complaint not expressly or otherwise admitted below.  Defendants also specifically reserve the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

Defendants' responses to each of the specifically numbered paragraphs of the Plaintiff's Complaint are as follows.

## NATURE OF ACTION

1. As to the allegations contained in paragraph 1, Defendants admit, for jurisdiction purposes only, that the Plaintiff's action is for the recovery of alleged unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Defendants deny any wrongdoing or violation of the FLSA and Defendants also deny that the Plaintiff is entitled to any of the relief that he seeks in the Plaintiff's Complaint.

2. As to the allegations contained in paragraph 2, Defendants admit, for jurisdiction purposes only, that the Plaintiff alleges Defendants unlawfully failed and refused to pay him overtime pay for which he is claiming that he was entitled to be paid for pursuant to the FLSA. Defendants deny any wrongdoing or violation of the FLSA and Defendants also deny that the Plaintiff is entitled to any of the relief that he seeks in the Plaintiff's Complaint.

3. As to the allegations contained in paragraph 3, Defendants deny any violation or continued violation of the FLSA.

## JURISDICTION AND VENUE

4. As to the allegations contained in paragraph 4, Defendants admit, for jurisdictional purposes only, that this Court has jurisdiction over this action.

5. As to the allegations contained in paragraph 5, Defendants admit, for venue purposes only, that venue is proper in the United States District Court for the Middle District of Florida, Ocala Division.

## PARTIES

6. Defendants are without information as to where the Plaintiff has resided. Therefore, Defendants deny those allegations in paragraph 6 of the Plaintiff's Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

## COVERAGE

10. Defendants admit the legal conclusions contained in paragraph 10 of the Plaintiff's Complaint.

11. Defendants admit the legal conclusions contained in paragraph 11 of the Plaintiff's Complaint.

12. Defendants admit the legal conclusions contained in paragraph 12 of the Plaintiff's Complaint.

13. Defendants admit the alleged contained in paragraph 13 of the Plaintiff's Complaint only to the extent Merideth is an owner and officer of CBA and that Merideth is directly involved in the day to day operations of his company known as Merideth Enterprises, LLC d/b/a Christian Brothers Automotive where the Plaintiff works and that he sets the Plaintiff's hours of pay and that he determines the amounts and methods of the Plaintiff's compensation. Defendants deny the remaining factual alleged contained in paragraph 13. Defendants also deny the legal allegations and conclusions contained in paragraph 13 that by virtue of Merideth's involvement in owning and operating his company and his business that he is the Plaintiff's employer as that term is defined by the FLSA.

## **GENERAL FACTUAL ALLEGATIONS**

14. Defendants admit the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15. Defendants admit the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17. Defendants admit the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19. Defendants admit the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20. Defendants admit the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. Defendants admit the allegations contained in paragraph 21 of the Plaintiff's Complaint only to the extent that it did not maintain time records during some of the time the Plaintiff was compensated pursuant to a salary and a bonus as a Service Advisor. The Defendants deny the remaining allegations contained in paragraph 21 of the Plaintiff's Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25. Defendants admit the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Plaintiff's Complaint only to the extent that it did not maintain time records during some of the time the Plaintiff began receiving an hourly wage. The Defendants deny the remaining allegations contained in paragraph 28 of the Plaintiff's Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

## COUNT I
## FLSA CLAIMS AGAINST DEFENDANTS
### (UNPAID OVERTIME COMPENSATION)

32. Defendants reassert and incorporate by reference their responses to paragraphs 1 through 31 of the Plaintiff's Complaint, as set forth above.

33. Defendants admit the legal conclusions contained in paragraph 33 of the Plaintiff's Complaint.

34. Defendants admit the legal conclusions contained in paragraph 34 of the Plaintiff's Complaint.

35. Defendants admit the legal conclusions contained in paragraph 35 of the Plaintiff's Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Plaintiff's Complaint.

## PRAYER FOR RELIEF

WHEREFORE paragraph.  Defendants deny that the Plaintiff is entitled to any of the relief sought in the unnumbered WHEREFORE paragraph of the Plaintiff's Complaint.

Defendant asserts the following affirmative defenses to the allegations in the Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state facts sufficient to state claims upon which relief may be granted against the Defendants.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff was properly classified by the Defendants as exempt from the overtime pay requirements of the FLSA because he was paid a salary and because his duties and responsibilities were exempt under the administrative exemption of the FLSA and its regulations.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff was properly classified by the Defendants as exempt from the overtime pay requirements of the FLSA because he was paid a salary and because his duties and responsibilities were exempt under the Service Advisor exemption of the FLSA and its regulations.

## FOURTH AFFIRMATIVE DEFENSE

The Defendants' classification of the Plaintiff's position as exempt and the payment of his compensation pursuant to a salary and a bonus based upon the performance of Merideth Enterprises was in good faith. The Plaintiff's Service Advisor position and his job duties and his method of compensation gave the Defendants reasonable grounds for believing that they were not in violation of the FLSA and its regulations.

## FIFTH AFFIRMATIVE DEFENSE

The Defendants' classification of the Plaintiff's position as exempt and the payment of his compensation pursuant to a salary and a bonus based upon the performance of Merideth Enterprises was in good faith and not in willful disregard of the overtime pay requirements of the FLSA and its regulations.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in part by the statute of limitations applicable to claims for unpaid overtime under the FLSA and its regulations.

## SEVENTH AFFIRMATIVE DEFENSE

If the Plaintiff proves that the Defendants violated the FLSA, which the Defendants specifically deny, such action was not willful or reckless. Therefore, a three-year limitations period is not warranted and the Plaintiff is not entitled to an award of liquidated damages.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants reserve the right to amend their defenses at such time as the Plaintiff more specifically identifies the alleged hours for which he is claiming to have worked overtime, his entitlement to which the Defendants specifically deny.

### NINTH AFFIRMATIVE DEFENSE

Any unpaid overtime pay that the Plaintiff is claiming, which the Defendants specifically deny that he is legally entitled to under the FLSA and its regulations, are offset by any pay or other employee benefits or monies that the Plaintiff was paid and/or overpaid for a particular workweek or by any pay that the Defendants were not required to pay to the Plaintiff for a particular workweek.

### TENTH AFFIRMATIVE DEFENSE

Any act or omission by the Defendants with respect to the matters at issue herein were in good faith and in compliance with the FLSA and its regulations and the Defendants had reasonable grounds to believe that their acts or omissions did not violate the FLSA or its regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to any statutory penalties or damages that he may be claiming and seeking in this action due to the Defendants' good faith dealings with the Plaintiff in this action.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendants did not act with the intent to deprive the Plaintiff of any alleged unpaid overtime wages that the Plaintiff is claiming in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has waived his right to claim additional compensation by his acceptance of the wages paid to him during his employment with the Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims in this action against Bryce Merideth in his individual capacity should be dismissed as Mr. Merideth should not be sued in his individual capacity on the basis of the allegations in the Plaintiff's complaint.

## RESERVATION OF RIGHT TO AMEND

The Defendants reserve the right to amend this Answer and to add any additional defenses or counterclaims which they may become known during the course of discovery or the litigation of this action.

DATED this 28th day of February, 2020.

Respectfully submitted,

*/s/ John Finnigan*
John Finnigan
Florida Bar No.: 0972363
FINNIGAN LAW FIRM, P.A.
1700 Maitland Avenue
Maitland, Florida 32751
Telephone: (407) 478-3700
Facsimile: (407) 478-6999
Email: John@Finniganlaw.com
Counsel for the Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2020, my law firm's Legal Assistant, Diane Naas, electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: David H. Spalter, Esquire, Jill S.

Schwartz & Associates,, P.A., 655 West Morse Boulevard, Suite 212, Winter Park, Florida 32789, at email: dspalter@schwartzlawfirm.net.

                                                ***/s/ John Finnigan***_____
                                                John Finnigan