## SETTLEMENT AGREEMENT

1. This Settlement Agreement ("Agreement") is entered into by and between Plaintiff Robert Garrett Wattles ("Wattles") and Defendants Merideth Enterprises, LLC d/b/a Christian Brothers Automotive ("CBA") and Bryce Merideth ("Merideth") (collectively "Defendants"), with each party intending to be bound by the terms and conditions of this Agreement. For purposes of this Agreement, Wattles and Defendants are collectively referred to as the "Parties." For purposes of this Agreement, CBA includes CBA's current and former employees, parents, subsidiaries, divisions, affiliates, stockholders, predecessors, successors, assigns, agents, contracting parties, directors, insurers, and officers.

2. **Non-Admission.** This Agreement does not constitute an admission by Defendants of any violation of any law or statute, and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3. **Litigation.** Wattles filed a lawsuit against Defendants in the United States District Court, Middle District of Florida, Ocala Division (Case No. 5:20-cv-00006), alleging violations of the Fair Labor Standards Act for unpaid overtime. The Parties desire fully and finally to resolve this litigation and all aspects of his underlying claim.

4. **Payment to Wattles.** In consideration for signing this Agreement and the fulfillment of the promises herein, Defendants agrees to pay Wattles the total sum of $49,792.96, payable as follows:

   A. On the first day of the first month following the court's approval of this settlement, the sum of $21,012.90 will be paid, as follows:

   $6,151.92 (less standard payroll deductions), payable to Wattles
   $6,151.92 (for which a Form 1099 shall be issued), payable to Wattles
   $8,709.06, payable to Jill S. Schwartz & Associates, P.A.

   B. On the first day of each successive month, for a period of eight (8) months total, the sum of $3,597.50, payable as follows:

   $1,079.25 (less standard payroll deductions), payable to Wattles
   $1,079.25 (for which a Form 1099 shall be issued), payable to Wattles
   $1,439.00, payable to Jill S. Schwartz & Associates, P.A.

Wattles and Jill S. Schwartz & Associates, P.A., shall provide Defendants with current IRS Forms W-9 promptly after execution of this Agreement.

CBA and Merideth, individually, are jointly and severally responsible for payment of all sums due herein.

Each payment shall be postmarked on the first of each month for delivery to David H. Spalter, Esq., at Jill S. Schwartz & Associates, P.A., 655 West Morse Boulevard, Suite 212,

# EXHIBIT "A"

Winter Park, Florida, 32789. In the event that any payment is not postmarked on or before the due date, the entire remaining sum shall become immediately due.

Wattles acknowledges that the payment of the monies by Defendants identified herein constitutes full and complete payment of any unpaid wages and related damages allegedly owed to him for the entire period of his employment by Defendants up to the time of execution of this Agreement and that he sought in this action, and agrees not to pursue any additional claim based on alleged overtime or unpaid wages. Wattles agrees that upon receipt of the settlement funds described in Paragraph 4 above, his claims raised in this action will be moot.

5. _Withdrawal of Claims_. The Parties will jointly file a Motion for Approval of Settlement with each party to bear his or its own fees other than what is described within this Agreement. Further, Wattles agrees that through this Agreement, he waives any right or entitlement to any compensation or recovery through any class or collective action that has been or may be filed against Defendants regarding the payment of overtime wages, and that if he receives notice of any such action, he will either opt-out of same if a class action, or decline to opt-in if a collective action.

6. _Release of Claims_. Wattles finally and forever releases and discharges Defendants from the Fair Labor Standards Act violations as alleged in his Complaint (Case No. 5:20-cv-00006).

7. _No Pending Complaints_. Wattles represents, warrants, and agrees that he has not filed any other lawsuits or arbitrations against Defendants. Wattles is not aware of any factual or legal basis for any legitimate claim that he has against Defendants or that Defendants are in violation of any whistleblower, corporate compliance, false claims, or other regulatory or legal obligation of Defendants under international, federal, state, or local law, rule, regulation, or Defendants' policy. Wattles further represents, warrants, and agrees that if he was ever aware of any such basis for a legitimate claim against Defendants, he promptly informed Defendants of same.

8. _Non-Interference._ Nothing in this Agreement shall interfere with the Wattles' right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or other federal or state regulatory or law enforcement agency.

9. _Payment of Applicable Taxes_. Wattles is and shall be solely responsible for all federal, state, and local taxes that may be owed by Wattles by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Wattles agrees to indemnify and hold Defendants harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Wattles under this Agreement unless such liability is caused by an action or inaction of Defendants.

10. _Transfer of Claims_. Wattles represents and warrants he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or

entity whatsoever, any released claim. Wattles agrees to indemnify and hold Defendants harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit each Party from entering into this Agreement.

11. **Breach.** The Parties acknowledge that if either materially breaches this Agreement, including but not limited to commencing a suit or action or complaint in contravention of this release and waiver of claims, the Parties' obligations to perform under this Agreement immediately shall cease, and the aggrieved Party shall be entitled to all remedies allowed in law or equity. The prevailing party in such an action is entitled to attorneys' fees and costs. Wattles and Defendants hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of this Agreement.

12. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

13. **Parties' Acknowledgement.** The Parties acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Wattles also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Defendants; and (b) that Wattles has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or Wattles' attorneys' advice. Wattles acknowledges that he has been given a reasonable time to consider the terms of this Agreement.

14. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

15. **Execution.** This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

4/23/2020
Date

_____
Robert Garrett Wattles

4/22/2020
Date

_____
Authorized Representative of Defendant
Merideth Enterprises, LLC d/b/a Christian Brothers Automotive

4/22/2020
Date

_____
Bryce Merideth